# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | |
| | § | |
| **STEVEN GARZA** | § | |
| **Plaintiff,** | § | **Civil Action No. 5:14-cv-536** |
| | § | |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **HOLIDAY MOTORS, LLC** | § | |
| **AND MARCOS BAYONA,** | § | |
| **INDIVIDUALLY** | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Steven Garza, by and through his undersigned attorney of record, and sues Defendants Holiday Motors, LLC, and Marcos Bayona, Individually, (collectively "Defendants") and in support thereof would show unto this Honorable Court as follows:

1.      Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.      Plaintiff is an individual residing in Bexar County, Texas.

3.      Defendant, HOLIDAY MOTORS, LLC, is limited liability company formed and existing under the laws of the state of Texas, with its principle place of business being in Bexar County, Texas.  Defendant can be served with process by serving its registered agent for service of process, Marcos Bayona at 4903 Fredericksberg Road, San Antonio, Texas 78229.

4.      Defendant Marcos Bayona is an individual who, upon information and belief, resides in Bexar County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Trailer Marketing, Inc. in relation to Plaintiff's employment.  Additionally,

Defendant Bayona was substantially in control of the terms and conditions of Plaintiff's work. Defendant Bayona was an employer of Plaintiff as defined by 29 U.S.C. §203(d).  Defendant Bayona  may be served with process at 4903 Fredericksberg Road, San Antonio, Texas 78229.

5.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b).   At all times pertinent to this complaint HOLIDAY MOTORS, LLC was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, this Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business.

6.     Venue is proper in this district under 28 U.S.C. § 1391.

7.     Plaintiff worked for Defendants from May 2011 through May of 2014 as a mechanic.

8.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

9.     During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

10.     The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

11.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should

2

have been paid.

12.     Plaintiff seeks and is entitled to an award of liquidated damages in an equal amount of the unpaid overtime pay pursuant to Section 216 of the Act.

13.     Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Steven Garza requests that:

a.      The Court assume jurisdiction of this cause and that Defendants be cited to appear;

b.      The Court award damages to Plaintiffs as specified above with Defendants held jointly and severally liable;

c.      The Court award reasonable and necessary attorneys' and expert fees and costs;

c.      The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By: __/s/ David G. Langenfeld__
        **David G. Langenfeld**
        State Bar No. 11911325
        DUNHAM & JONES, P.C.
        1800 Guadalupe Street
        Austin, TX 78701
        Tel.: (512) 777-7777
        Fax: (512) 340-4051
        E-mail:  david@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFF**